**Amigos BRAVOS, a nonprofit corporation and New Mexico Citizens for Clean Air and Water, a nonprofit corporation, Plaintiffs–Appellants,**

v.

**ENVIRONMENTAL PROTECTION AGENCY; Carol Browner, Administrator of the Environmental Protection Agency; Greg Cook, EPA Regional Administrator for Region VI, Defendants–Appellees.**

No. 99–2346.

United States Court of Appeals, Tenth Circuit.

Jan. 3, 2001.

Submitted on the briefs: *

Matthew Bishop, Western Environmental Law Center, Taos, NM, for the Plaintiffs–Appellants.

John W. Zavitz, Assistant United States Attorney, Albuquerque, NM, Renea Ry-

---

* At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed.R.App.P. 34(f) and 10th Cir.R. 34.1(G).

land, United States Environmental Protection Agency Office of Regional Counsel, Dallas, TX, Lois J. Schiffer, Assistant Attorney General, Evelyn Ying, Melaine Williams, Kathryn E. Kovacs, Washington, DC, for the Defendants–Appellees.

Before BRORBY, KELLY and LUCERO, Circuit Judges.

LUCERO, Circuit Judge.

Plaintiffs-appellants Amigos Bravos and New Mexico Citizens for Clean Air and Water bring this civil action for declaratory and injunctive relief against the United States Environmental Protection Agency ("EPA"), the EPA Administrator, and the EPA Regional Administrator under a citizen suit provision of the Clean Water Act ("the Act"), 33 U.S.C. § 1365(a)(2).[1] Appellants allege that in February 1998 the EPA recognized an illegal point source[2] discharge of pollutants entering the Red River from waste rock piles of Molycorp, Inc.'s molybdenum mine site near Questa, New Mexico but has failed to take any corrective or enforcement action. The district court concluded that the suit is barred by the doctrine of collateral estoppel and dismissed the matter with prejudice.[3] Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings.

## I

The district court's collateral estoppel determination is based on the outcome of a case filed by appellants in 1995 against Molycorp. In that case, brought under 33 U.S.C. § 1365(a)(1), appellants alleged that the discharge of pollutants leached from the waste rock piles into the Red River was not authorized by the National Pollution Discharge Elimination System ("NPDES") permit reissued by the EPA in September 1993. *See Amigos Bravos v. Molycorp, Inc.*, No. 97–2327, 1998 WL 792159 (10th Cir. Nov.13, 1998) (unpublished disposition). The district court granted Molycorp's summary judgment motion on the ground that it lacked subject matter jurisdiction over appellants' claims.

In making its determination, the district court examined the EPA's permitting process and the issues resolved in connection with the Molycorp permit. It "determined that, '[w]ithout question, the EPA made a decision that Molycorp did not need a permit for any ground water seepage into the Red River, regardless of whether Molycorp's operations polluted the ground water and, eventually, the river.'" *Id.* at *3 (quoting the district court's order). Because, "'[a]t its core, [appellants'] complaint attack[ed] the EPA's decision to reissue Molycorp's NPDES permit,'" appellants were required to bring their claims to the court of appeals in a petition for review under 33 U.S.C. § 1369(b)(1)(F). *Id.* Accordingly, the district court lacked subject matter jurisdic-

---

1. 33 U.S.C. § 1365(a) provides:

   (a) Authorization; jurisdiction
   Except as provided in subsection (b) of this section and section 1319(g)(6) of this title, any citizen may commence a civil action on his own behalf—
   (1) against any person ... who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to [Clean Water Act standards], or
   (2) against the Administrator where there is an alleged failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

   The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to ... order the Administrator to perform such act or duty....

2. Under the Act, a point source is "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, [or] discrete fissure ... from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

3. The district court's judgment was entered upon a memorandum opinion and order issued by the magistrate judge assigned to the case for final disposition pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

tion. On appeal, this Court affirmed. *See id.* at *4.

. In the present case, appellants assert that their claims are premised entirely on the EPA's recognition of the allegedly illegal point source discharge in a February 13, 1998 report entitled "Report on Hydrological Connection Associated with Molycorp Mining Activity, Questa, New Mexico." They contend that the EPA's report constituted a change of position that triggered a duty under § 309(a)(3) of the Act, requiring the EPA to take some form of corrective action against Molycorp. *See* 33 U.S.C. § 1319(a)(3).[4] Additionally, appellants assert that the EPA's failure to take action amounts to an illegal exemption of a known point source discharge from the Act's permit provisions. *See id.* § 1342(a)(1) (requiring, for "the discharge of any pollutant, or combination of pollutants," a NPDES permit prescribing conditions "necessary to carry out" the Act's provisions); *id.* § 1311(a) (making illegal any pollutant discharges not specifically allowed by an NPDES permit).

## II

■ We review de novo a district court's determination that collateral estoppel bars a plaintiff's claims. *See Dodge v. Cotter Corp.,* 203 F.3d 1190, 1197 (10th Cir.2000). Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Ag Servs. of Am., Inc. v. Nielsen,* 231 F.3d 726, 732 (10th Cir.2000) (quotations and citations omitted). As applied in the Tenth Circuit, the elements of collateral estoppel are:

(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Dodge,* 203 F.3d at 1198.

■ In this case, neither the first nor the fourth element is satisfied. The issue in contention in the prior action concerned appellants' allegations of a point source discharge that should have been taken into consideration in the EPA's decision to reissue Molycorp's 1993 NPDES permit. Here, the issue is whether the EPA has a duty to take action once it discovers an illegal point source discharge. Although factually related, these two issues are not identical. Furthermore, as a matter of timing, appellants did not have a full and fair opportunity to litigate the current issue in the prior action. The EPA report was issued over two years after initiation of the earlier action, during the pendency of appellants' appeal. Resolving the duty issue was not necessary, or even relevant, to the judgment in the earlier action. Accordingly, the district court was incorrect in concluding that the doctrine of collateral estoppel operates to bar the instant action.

We acknowledge the EPA's argument that, even if collateral estoppel does not bar litigation of this case, we may affirm the district court's dismissal on an alternative basis. We decline to do so. "As a general rule, we do not consider issues not passed on below, and it is appropriate to remand the case to the district court to address an issue first." *N. Texas Prod. Credit Ass'n v. McCurtain County Nat'l*

---

4. Section 309(a)(3) provides, in pertinent part:

Whenever on the basis of any information available to him the Administrator finds that any person is in violation of [provisions of the Act], or is in violation of any permit condition or limitation implementing any of such sections in a permit . . . , he shall issue an order requiring such person to comply with such section or requirement, or he shall bring a civil action. . . .

*Bank,* 222 F.3d 800, 812 (10th Cir.2000).[5] The judgment of the district court is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

**5.** The EPA provides several bases for its contention that dismissal was the appropriate disposition of this lawsuit. Two of these arguments require a factual analysis which cannot be performed on the record before us. These factual arguments include: (1) a claim that the 1998 report which triggered this action is of no legal significance, in that the report was authored by a geologist who was not empowered to make findings on behalf of the Administrator and, therefore, does not constitute a "finding" under § 1319(a)(2) or "determination" under § 1342(c)(3) necessary to impose an enforcement duty; and (2) an assertion that the EPA met any such duty on May 27, 2000 by issuing a draft of a new NPDES permit that covers the groundwater discharges at issue in this case.

The EPA's primary argument relies on principles of statutory interpretation. The citizen-suit provision of the Act authorizes suits against the Administrator only when the Administrator's duty is mandatory and nondiscretionary. *See* 33 U.S.C. § 1365(a)(2). The EPA contends that, although the complaint alleges violations of nondiscretionary duties, the specified duties are actually discretionary, and that the federal courts therefore lack subject matter jurisdiction over appellants' claims. We make no comment on whether the Administrator's enforcement duties are discretionary or mandatory, except to observe that there is no controlling Supreme Court or Tenth Circuit authority. However, we note the EPA's contention that the statutory interpretation issue implicates subject matter jurisdiction is erroneous. This notion appears to be based on case law decided before recent cases explaining

"[t]he absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." *Steel Co. [v. Citizens for a Better Environment,* 523 U.S. 83, 87, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ]. Jurisdiction is not defeated by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. Rather, where the complaint is so drawn as to seek recovery directly under the Constitution or the laws of the United States, the federal court, but for two possible exceptions must entertain the suit. The two exceptions come into play where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. If the applicability of the federal statute upon which a plaintiff relies is genuinely at issue, the federal courts possess jurisdiction and should reach the merits of the claim.

*Davoll v. Webb,* 194 F.3d 1116, 1129 (10th Cir.1999) (further citations and quotations omitted).